NITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

RONALD W. OLYER,

                            Plaintiff,

                                                            DECISION AND ORDER

                                                             98-CV-6336L

                            v.

MICHAEL J. ASTRUE,
Commissioner of Social Security,

                            Defendant.
_____

       Plaintiff, Ronald W. Olyer ("Olyer"), was denied Social Security disability insurance benefits by the Commissioner of Social Security ("the Commissioner"). Olyer filed this action pursuant to 42 U.S.C. § 405(g) to review that final determination of the Commissioner. I find that the Commissioner's decision is supported by substantial evidence and, therefore, the Commissioner's decision is affirmed and the complaint dismissed.

       Olyer has a rather lengthy history of proceedings before the Commissioner seeking disability benefits. Initially, Olyer's claim for benefits was based principally on his drug and alcohol abuse. That is not now the principal claim, in part, because Olyer asserts that he has been sober for over a decade.

The matter now at issue is the determination by Administrative Law Judge James E. Dombeck ("ALJ") entered January 11, 2006, which determined that Olyer was not entitled to disability insurance benefits. That decision became the final decision of the Commissioner.

The Government has moved for judgment on the pleadings (Dkt. #18), and I have reviewed that lengthy submission which summarizes much of the medical evidence. I also have, of course, considered the thorough 10-page decision of the ALJ. Although plaintiff has been represented by counsel, no response or opposition to the Government's motion has been submitted, although responses were due over a year ago. The Court referred to this lapse in a Text Order entered February 23, 2010. (Dkt. #20).

Of course, the failure of plaintiff to respond is not a sufficient basis to simply affirm the ALJ's decision. The Court has carefully reviewed that decision and applied the appropriate standards in making its present determination.

The law is clear that the Commissioner's decision that a plaintiff is not disabled must be affirmed, if it is supported by substantial evidence and if the ALJ applied the correct legal standards. See 42 U.S.C. § 405(d); *Machadio v. Apfel,* 276 F.3d 103, 108 (2d Cir. 2002). Substantial evidence is defined as "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales,* 402 U.S. 389, 401 (1971), *quoting Consolidated Edison Co. v. N.L.R.B.,* 305 U.S. 197, 229 (1938).

It is clear that it is not a function of the District Court to decide *de novo* whether Olyer was disabled. The Court must not substitute its judgment for that of the Commissioner but must determine if there was substantial evidence to support the Commissioner's decision. In this case,

I find that there is such substantial evidence and, therefore, the decision of the Commissioner must be affirmed.

The ALJ in this case went through the required five-step sequential evaluation in determining disability. *See Bowen v. City of New York,* 476 U.S. 467, 470-71 (1986). First, the ALJ determined that Olyer suffered from a combination of impairments, but that those impairments, either considered separately or together, did not meet or equal a listed impairment as set forth in Appendix 1 of 20 C.F.R. Part 404, Subpart P. The ALJ then determined that Olyer did have the ability to perform his past relevant work as a metal worker or laborer, and the ALJ also determined that Olyer had the residual functional capacity, in spite of his limitations, to perform other jobs in the national and local economy.

It is apparent that the ALJ considered all the requisite matters in making the five-step sequential evaluation. The record amply supports the ALJ's decision that although Olyer had some limitations, they should not preclude him from engaging in employment. The ALJ also noted that the basis for Olyer's request for disability has now shifted since he is no longer able to pursue a disability claim based on alcoholism or drug abuse. The ALJ concluded that the issue was more Olyer's determination not to work than his inability to do so. The ALJ noted Olyer's consistent refusal to take necessary medication and his failure to pursue vocational counseling and training. The ALJ found, and I believe the record supports this finding, that Olyer was "quite capable of working and had, in fact, worked fairly consistently for nearly seventeen years with these very same impairments." (Administrative Record, p. 600).

The ALJ considered Olyer's treating physician's opinion but found it was not entitled to controlling weight in light of the more extensive evidence discussed by the ALJ. I agree that the sparse and conclusory statement of the treating physician is not entitled to controlling weight because it is contradicted and outweighed by other substantial evidence in the record.

ALJ Dombeck issued a thorough decision in this case considering Olyer's claim of disability and made detailed findings to support his decision. I have reviewed the record, and I believe the ALJ applied the correct legal standards and there is substantial evidence to support his decision that Olyer is not disabled and, therefore, not entitled to disability insurance benefits. I believe the evidence supports the ALJ's finding that Olyer could perform his past relevant work but certainly had the residual functional capacity to perform some jobs in the national and local economy.

## CONCLUSION

The Commissioner's decision that plaintiff, Ronald W. Olyer, is not disabled is in all respects affirmed and the complaint, brought pursuant to 42 U.S.C. § 405(g), is dismissed.

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
       August 13, 2010.